UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK BENSON, #274107,

        Plaintiff,                     Hon. Paul L. Maloney

v.                                    Case No. 1:23-cv-268

M. FARBER, et. al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment (ECF No. 24) and Defendant's Motion for Summary Judgment (ECF No. 38).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion (ECF No. 24) be granted in part and denied without prejudice in part and Defendant's motion (ECF No. 38) be granted.

## BACKGROUND

Plaintiff initiated this action against several individuals concerning events that occurred when he was incarcerated at the Earnest C. Brooks Correctional Facility (LRF). (ECF No. 1).   In his complaint, Plaintiff alleges the following.

On March 17, 2022, Sergeant Unknown Streit and Corrections Officers (CO) M. Farber, C. Landingham, J. Hermann, Unknown Jimerson, and Unknown Pannell "rushed" Plaintiff's cell and restrained Plaintiff so that a mandatory medical injection

-1-

could be performed.    After Plaintiff was restrained, and despite offering no resistance, Defendant Farber knelt on Plaintiff's testicles causing injury.    Plaintiff's "wails for help" were ignored by Defendants Landingham, Hermann, Jimerson, Pannell, and Streit.

Plaintiff alleges that Defendant Farber used excessive force in violation of his Eighth Amendment rights.    Plaintiff also alleges that Defendants Landingham, Hermann, Jimerson, Pannell, and Streit violated his Eighth Amendment rights by failing to intervene to prevent Farber's use of excessive force.    All of Plaintiff's other claims were dismissed on screening.    (ECF No. 11-12).    Defendants Landingham, Hermann, Jimerson, Pannell, and Streit now move for summary judgment on the ground that Plaintiff failed to properly exhaust his available administrative remedies.    Plaintiff has responded to Defendants' motions.    The Court finds that oral argument is unnecessary.    *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."    Fed. R. Civ. P. 56(a).    Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case."    *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."    *Minadeo v. ICI Paints*, 398

F.3d 751, 761 (6th Cir. 2005).   Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."   *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).   The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient.   *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts."   *Amini*, 440 F.3d at 357.   The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."   *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).   Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."   *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."   *Daniels*, 396 F.3d at 735.   Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether

the evidence is so one-sided that the moving parties should prevail as a matter of law."

*Harden*, 993 F.3d 465 at 474.

## ANALYSIS

### I.    **Defendant Farber**

The opening paragraph of the initial motion for summary judgment (ECF No. 24) indicates that the motion is being asserted by Defendants Farber, Hermann, Jimerson, Pannell, and Streit.   (ECF No. 24, PageID.77).   The remainder of the motion, however, advances no argument with respect to Plaintiff's claims against Defendant Farber. Instead, the motion argues that Plaintiff failed to exhaust his claims against Defendants Hermann, Jimerson, Pannell, and Streit.   Moreover, in the "conclusion," the motion requests the dismissal of Plaintiff's claims against Defendants Hermann, Jimerson, Pannell, and Streit only.   Accordingly, to the extent Defendants' motion (ECF No. 24) is interpreted as asserting a claim for relief by Defendant Farber, the undersigned recommends that such be denied without prejudice.

### II.    **Defendants Landingham, Hermann, Jimerson, Pannell, and Streit**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies.   *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).   This obligation only extends, however, to such administrative remedies as are available.   *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007).   Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing.   *Ibid.*

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).   In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'   The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody.   Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs.   MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019).   The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue.   (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff.   MDOC Policy Directive 03.02.130 ¶ W

(Mar. 18, 2019).   The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included."   MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due.   MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019).   If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III.   MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

In support of their motion, Defendants have presented evidence that Plaintiff pursued only one grievance regarding the events of March 17, 2022.   (ECF No. 25-3, PageID.105-14).   This grievance contains no allegations that Defendants Hermann, Jimerson, Pannell, or Streit, or anybody else, failed to intervene to prevent Defendant Farber from using excessive force.   Thus, this grievance fails to exhaust Plaintiff's present claims against these Defendants.

In response, Plaintiff does not assert that he filed any other grievances.   (ECF No. 30, 40).   Instead, Plaintiff argues that it is "preposterous" to expect him to include in his grievance "a list of everything they did wrong on March 17, 2022 when they know they failed to exercise their responsibilities."   (ECF No. 30, PageID.136; ECF No. 40, PageID.162).   Plaintiff has identified no authority supporting this novel argument.

As discussed above, the Supreme Court has clearly held that to properly exhaust a claim Plaintiff must comply with the MDOC's deadlines and procedures.   MDOC policy clearly obligates Plaintiff to include in any grievance "the facts involving the issue being grieved (i.e., who, what, when, where, why, how).   Dates, times, places, and names of all those involved in the issue being grieved are to be included."   MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).   This obligates Plaintiff to make "affirmative efforts" to describe the claim he is attempting to grieve.   *See Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).   With respect to his failure to protect claims, Plaintiff failed to comply with this requirement.   Accordingly, the undersigned recommends that Defendants Hermann, Jimerson, Pannell, and Streit are entitled to summary judgment on exhaustion grounds.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 24) be granted in part and denied without prejudice in part and Defendant's motion (ECF No. 38) be granted.   Specifically, the undersigned recommends that Plaintiff's Eighth Amendment failure to protect claims against Defendants Hermann, Jimerson, Pannell, and Streit be dismissed without prejudice for failure to exhaust administrative remedies.   The undersigned further recommends that Plaintiff's Eight Amendment excessive force claim against Defendant Farber continue forward.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 16, 2023

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

-8-